Rec# ☆/0/0000

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| Minhaj Ahmed<br>12020 Mitchell Street<br>Hamtramck, Michigan<br>48212 | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> )    Case: 2:23-cv-11387 |
| v. | )    Judge: Lawson, David M. <br> )    MJ: Stafford, Elizabeth A. <br> )    Filed: 06-12-2023 At 09:08 AM |
| Ur M. JADDOU, Director<br>U.S. Citizenship and Immigration Services<br>Massachusetts Avenue, N.W.<br>Washington, DC 20529 | )    CMP AHMED V. JADDOU ET AL (DA) <br> ) <br> ) <br> ) <br> ) |
| ALEJANDRO MAYORKAS, Secretary<br>U.S. Department of Homeland Security<br>245 Murray Lane, S.W.<br>Washington, DC 20528 | )    **VERIFIED COMPLAINT FOR** <br> )    **MANDAMUS AND** <br> )    **DECLARATORY JUDGMENT** <br> ) <br> ) |
| Andrea Quarantillo, District Director  )<br>Jacob K. Javits Federal Building<br>26 Federal Plaza, 3rd Floor, Room 3-120<br>New York, NY 10278 | ) <br> ) |
| Defendants. | ) |

The Plaintiff, Minhaj Ahmed by counsel, complains of the Defendants,

UR JADDOU, Director, U.S. Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security; and ANDREA QUARANTILLO, District Director, U.S. Citizenship and Immigration Services, New York, as follows:

1

## I.     PREFATORY STATEMENT

1.     This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

2.     The Plaintiff was granted i-360 self petition in the United States on June 18, 2020, and he properly filed an adjustment of status application with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on December 10, 2018.   The Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff.

## II.     JURISDICTION

3.     This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").   Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

4.     Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA").   The APA requires USCIS to carry out its duties within a reasonable time.  5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added).   USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C.

§ 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act „within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to „compel agency action … unreasonably delayed," 5 U.S.C. § 706(1).").

5.      Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction.  INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. *See Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is … significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action.").

6.      Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"  Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the

Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Liu*, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *see also Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.,*

*Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

7. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act

and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the abovecited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

8. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable.

### III. <u>VENUE</u>

9. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Defendant Ur M. JADDOU is sued in her official capacity as Director of USCIS, a United States federal agency and resident in this district. The Defendant Alejandro Mayorkas is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency and resident in this district. The Defendant Andrea Quarantillo is sued in her official capacity as District Director of the USCIS New York State, a United States federal agency. Because national policy

concerning adjudication of applications for immigration benefits – including adjustment of status – is formulated by the DHS and implemented by USCIS, venue is proper in this district.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff''s complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS.  Defendants have unreasonably delayed and failed to adjudicate the Plaintiff''s application for more than 4 years.  The Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process his application to adjust status in a timely manner.

## V.    PARTIES

11.    The Plaintiff, Minhaj Ahmed resides in 12020 Mitchell Street, Hamtramck, Michigan.  He was born in Sylhet, Bangladesh in 1992 and is a citizen of Bangladesh.  His alien registration number is 214-327-090.

12.    The   Defendants, UR M. JADDOU, Director, USCIS; ALEJANDRO MAYORKAS, Secretary, DHS; and ANDREA QUARANTILLO, District Director, USCIS New York State, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6.   USCIS received the Plaintiff''s application for adjustment of status on December 10, 2018.  USCIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

## VI.    FACTS AND PROCEDURAL HISTORY

13.    The Plaintiff, Minhaj Ahmed was born in Bangladesh in 1992 and came to the United States in

2014 and Applied Adjustment of status based on i-360 self petition. He was granted i-360 self petition status in the United States on June 18, 2020. He has been steadily employed in this country as a Software Engineer. He currently works in information Technology industry. He is a law-abiding individual, has always paid his taxes, and has never been arrested, charged, or convicted of any crime.

14. He filed his I-485 application for adjustment of status with USCIS on December 10, 2018, more than 4 years ago. The application is currently pending at the USCIS New York Field Office. USCIS"s published case adjudication guidelines indicate that the agency is currently completing 80 percent of case within 37 months of initial filing, I-485 applications filed approximately 8 months ago; the adjudication of Plaintiff"s adjustment application clearly extends far beyond USCIS"s normal processing timeframe.

15. Minhaj Ahmed's adjustment application is based on his June 18, 2020 grant of i-360 self petition.

16. Minhaj Ahmed has made numerous written, telephonic, congressional, and in-person status inquiries with USCIS over the past 4 years that his I-485 application has been pending, and he has repeatedly has been informed that his case remains unadjudicated due to Overload of work from the field office.

17. Plaintiff is eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating his application is of great concern to him. His ability to pursue opportunities for professional advancement have been negatively impacted by the Defendants" failure to adjudicate his application within a reasonable period of time. His uncertain immigration status has interfered with his ability to gain the professional and personal stability he deserves and for which he has worked so hard. Furthermore, the delay in adjudication has prevented him from the ability to sponsor family members for immigration benefits, and it has also interfered with his travel needs.

18. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff"s application for adjustment of status.  As more than 4 years have elapsed since the Plaintiff filed his application to adjust status, he requests that this Court instruct USCIS to release the case from hold and adjudicate the I-485 application without further delay.

## VII.   CAUSE OF ACTION

21. The Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159.  He is prepared to present all necessary evidence establishing that he is not inadmissible under INA § 212(a)(3)(B).

22. The Defendants have sufficient information to determine the Plaintiff"s eligibility for adjustment of status pursuant to applicable requirements.  Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiff"s application to adjust status for more than 4 years, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

23. Although He is highly qualified, he also has been unable to advance his career and secure other employment opportunities, because the lack of lawful permanent resident status makes him less appealing to prospective employers and also his inability to advance his career has restricted him both financially and professionally.

24. The Plaintiff"s ability to travel out of the country has also been restricted, as he is required to renew his Travel Document annually before traveling abroad, for as long as his immigration status remains pending.

25. The Defendants" inaction in the Plaintiff"s case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his application to adjust status without further unreasonable delay.

8

## VIII. <u>CLAIMS</u>

26. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); *see also Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam"s petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

27. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status, including submission of all necessary forms and supporting documents.

28. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff"s application to adjust status for over 4 years, thereby depriving the Plaintiff of his rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

29. The Defendants owe the Plaintiff a duty to adjudicate his adjustment of status application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. *See, e.g., Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his I-485 adjustment application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same).

30. The Court"s intervention is also appropriate because Defendants have failed to act within a reasonable period of time. *See, e.g., Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay ... we find it appropriate to issue a writ of mandamus ...."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than 4 years for adjudication of his pending I-485 application, well beyond the agency"s own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

31. The Plaintiff is entitled to action on his long-pending adjustment of status application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

32. Defendants" delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney"s fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## IX. <u>PRAYER</u>

THEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff"s I-485 Application to Adjust Status without further delay;

2. Grant attorney"s fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

3. Grant such other and further relief as this Court deems proper.

Respectfully submitted this 12<u>th</u> day of JUNE 2023,

Minhaj Ahmed

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MINHAJ AHMED

**(b)** County of Residence of First Listed Plaintiff _____Wayne_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
12020 Mitchell Street
Hamtramck, MI 48212 Ph: 9294319047

## DEFENDANTS

UR M. Jaddo, Alejandro Mayorkas, Anddrea Quarantillo

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF

Case: 2:23-cv-11387
Judge: Lawson, David M.
MJ: Stafford, Elizabeth A.
Filed: 06-12-2023 At 09:08 AM
CMP AHMED V. JADDOU ET AL (DA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [✓] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) 864 SSID Title XVI | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [✓] 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights 555 Prison Condition 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [✓] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 06·12·23

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Rec # 510000l

13

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MICHIGAN

Minhaj Ahmed                                  )
12020 Mitchell Street
Hamtramck, Michigan
48212                                         )
                                              )

        Plaintiff,                            )
                                              )        Case: 2:23-cv-11387
                                              )        Judge: Lawson, David M.
v.                                            )        MJ: Stafford, Elizabeth A.
                                              )        Filed: 06-12-2023 At 09:08 AM
Ur M. JADDOU, Director                        )        CMP AHMED V. JADDOU ET AL (DA)
U.S. Citizenship and Immigration Services     )
Massachusetts Avenue, N.W.                    )
Washington, DC 20529                          )
                                              )
ALEJANDRO MAYORKAS, Secretary                 )        **VERIFIED COMPLAINT FOR**
U.S. Department of Homeland Security           )        **MANDAMUS AND**
245 Murray Lane, S.W.                         )        **DECLARATORY JUDGMENT**
Washington, DC 20528                          )
                                              )
Andrea Quarantillo, District Director    )
Jacob K. Javits Federal Building
26 Federal Plaza, 3rd Floor, Room 3-120
New York, NY 10278                            )
                                              )
        Defendants.                           )

The Plaintiff, Minhaj Ahmed by counsel, complains of the Defendants,

UR JADDOU, Director, U.S. Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security; and ANDREA QUARANTILLO, District Director, U.S. Citizenship and Immigration Services, New York, as follows:

1